JUSTIN A. BRACKETT (HI Bar No. 9954)
1888 Kalakaua Avenue, Suite C-312
Honolulu, HI  96815
Telephone: (808) 377-6778
Email:  justinbrackettlaw@gmail.com

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEAN COX,<br>        Plaintiff,<br>vs.<br><br>ASSET RECOVERY SOLUTIONS, LLC,<br><br>and<br><br>JEFFERSON CAPITAL SYSTEMS, LLC,<br><br>        Defendants. | CASE NO. 1:16-CV-185<br><br>COMPLAINT FOR DAMAGES DECLARATORY AND INJUNCTIVE RELIEF, EXHIBITS ONE THROUGH THREE and VERIFICATION<br><br>JURY TRIAL REQUESTED |

# COMPLAINT

## INTRODUCTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 pursuant to 15 U.S.C. § 1692k(d) as well as 28 U.S.C. § 1367 (supplemental jurisdiction).

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA"), in their illegal efforts to collect a

[ 1 ]

consumer debt.  This is also an action for damages against the Defendants for unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Sections 443B-18, 19, and 20 of the Hawaii Revised Statutes.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff, Jean Cox (hereinafter referred to as "Plaintiff" and/or "Ms. Cox") is a resident of this State, District and Division who is authorized by law to bring this action.

5. Defendant Asset Recovery Solutions, LLC (hereinafter "Defendant Asset") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), a for-profit corporation organized in Illinois that maintains The Corporation Company, Inc., 1136 Union Mall, Suite 301, Honolulu, HI 96813 as its registered agent for service of process.

6. Defendant Jefferson Capital Systems, LLC (hereinafter "Defendant Jefferson") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), a for-profit corporation organized in Georgia that maintains CSC Services of Hawaii, Inc., 1600 Pauahi Tower, 1003 Bishop Street, Honolulu, HI 96813 as its registered agent for service of process.

7. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

8. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and this debt is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5). More specifically, this debt is alleged to be a debt originally owed to or serviced by Aspire Card.

9. Defendants use mail in their businesses.

10. Defendants use telephone communications in their businesses.

11. The primary purpose of Defendants' businesses is the collection of debts.

12. Defendants regularly collects, or attempt to collect, debts owed, or due, or asserted to be owed or due to another.

13. Defendants are debt collectors subject to the provisions of the Fair Debt Collection Practices Act and H.R.S. section 443B.

14. Defendants have been sending collection letters to Ms. Cox.

15. Defendants have been making telephone calls to Ms. Cox.

16. Upon information and belief, Defendants have not registered for a general excise tax number with the State of Hawaii and are not appropriately paying income taxes for those debts they collect in the State of Hawaii.

### *September 18, 2015 Collection Letter from Defendant Asset*

17. On September 18, 2015 Defendant Asset sent Ms. Cox a letter attempting to collect the purported debt. See attached Exhibit One.

18. The September 18, 2015 collection letter identified "8801" as the account's last four digits, "ASPIRE CARD" as the "Debt Description", and Jefferson Capital Systems, LLC as the Current Creditor. Exhibit One.

19. The September 18, 2015 collection letter asserts the past due account has "been referred to [Defendant Asset] for collection." Exhibit One.

20. The September 18, 2015 collection letter goes on to direct Ms. Cox: "If you wish to resolve your obligation, call us toll free at 877-253-3543." Exhibit One.

21. The September 18, 2015 collection letter states an amount of $3,606.35 as a "Current Balance". Exhibit One.

22. The September 18, 2015 collection letter asserts: "This communication is from a debt collector. This is an attempt to collect a debt." Exhibit One.

### *Collection Call From Defendant Asset*

23. On, or around, September 23, 2015, Defendant Asset, via its collection

agent, Cathleen, spoke with Ms. Cox.

24. During this call, Cathleen attempted to collect a debt from Ms. Cox.

25. During this call, Cathleen demanded approximately $3,000.00 from Ms. Cox.

26. Cathleen went on to threaten Ms. Cox, asserting: If you don't pay, I know your Social Security Number.

27. Cathleen kept demanding payments from Ms. Cox in spite of Ms. Cox's disputes.

28. Ms. Cox asked who Cathleen worked for and Cathleen refused to identify her employer.

29. Cathleen gave her the phone number 877-253-3543, extension 462 to call her back.

30. The telephone number 877-253-3543 is a working number for Defendant Asset, or was a working number for Defendant Asset in September 2015, and was the same number identified on Defendant Asset's September 18, 2015 collection letter.

31. During this call, Cathleen did not assert that she was a debt collector.

### *October 30, 2015 Collection Letter from Defendant Jefferson*

32. Defendant Jefferson sent a letter to Ms. Cox dated October 30, 2015. That letter is attached hereto as Exhibit Two and incorporated herein by reference.

33. The October 31, 2015 collection letter identified "1728" as the account's last four digits and Aspire Card as the "Debt Description". Exhibit Two.

34. The October 30, 2015 collection letter identifies Defendant Jefferson as the "Current Creditor". Exhibit Two.

35. The October 30, 2015 collection letter states an amount of $3,606.35 as a "Current Balance". Exhibit Two.

36. The October 30, 2015 collection letter goes on to explain: "**Based on your stated dispute we have ceased collection of this account**." Exhibit Two, emphasis added.

### *October 31, 2015 Collection Letter from Defendant Jefferson*

37. Just one day later, on October 31, 2015, Defendant Jefferson sent Ms. Cox another letter attempting to collect the purported debt. See attached Exhibit Three.

38. The October 31, 2015 collection letter confusingly asserts: "**Please allow this letter to introduce Jefferson Capital Systems, LLC**, as the owner and current creditor of your referenced account." Exhibit Three, emphasis added.

39. The October 31, 2015 collection letter identified "1728" as the account's last four digits and Aspire Card as the "Debt Description". Exhibit Three.

40. The October 31, 2015 collection letter identifies Defendant Jefferson as

[ 6 ]

the "Current Creditor". Exhibit Three.

41. The October 31, 2015 collection letter demands an amount of $3,606.35 as the "Amount of the Debt". Exhibit Three.

42. The October 31, 2015 collection letter asserts: "**This communication is from a debt collector in connection with the attempt to collect a debt**." Exhibit Three, emphasis added.

43. The October 31, 2015 collection letter also contains a second page PRIVACY NOTICE. Exhibit Three.

44. Ms. Cox made no payments to either Defendant and disputes owing the debt.

45. Neither defendant has a judgment against Ms. Cox.

## CAUSES OF ACTION

### *COUNT ONE:* VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: FALSE OR MISLEADING REPRESENTATIONS

46. The acts of Defendant constitute violations of the FDCPA. Violations by Defendant of the FDCPA include, but are not limited to, the following: Threatening to take any action that cannot legally be taken, which is a violation of 15 U.S.C. §1692e(5).

47. In Cathleen's September 2015 communication with Ms. Cox she asserted: If you don't pay, I know your Social Security Number. Ms. Cox understood this to be a threat to garnish her Social Security check.

48. Pursuant to federal and State of Hawaii law Social Security income is exempt from garnishment due to a defaulted credit card.

49. Ms. Cox had no income subject to garnishment at the time Defendant Asset's representative, Cathleen, was threatening garnishment from Ms. Cox.

50. Ms. Cox is on a very tight budget with income only from Social Security and retirement, and so any garnishment frightens her greatly as it would keep her from buying her necessary food and medications.

## SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: FAILURE BY DEFENDANT TO INCLUDE THE REQUIRED DISCLOSURES IN ITS COMMUNICATIONS

51. The acts of Defendants constitute violations of the FDCPA. Violations by the Defendants of the FDCPA include, but are not limited to, the following: A debt collector must disclose in each and every subsequent communication that the communication is from a debt collector. The failure to make this disclosure is a violation of 15 U.S.C. § 1692e(11).

52. Defendant Asset called and spoke with Ms. Cox on September 23, 2015. Defendant's representative, Cathleen, failed to disclose it was a debt collector, which

is required by 15 U.S.C. § 1692e(11).

53.     Defendant violated 15 U.S.C. § 1692e(11) by willfully omitting that it was a debt collector.

54.     Any procedures maintained (i.e., actually employed or implemented) by Defendant to avoid errors under the FDCPA failed to provide the required disclosures.

**THIRD VIOLATION OF
THE FAIR DEBT COLLECTION PRACTICES ACT:
<u>FALSE OR MISLEADING REPRESENTATIONS</u>**

55.     Defendants' violations of the FDCPA also include, but are not limited to, the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, which is a violation of 15 U.S.C. § 1692e.

56.     The letters from Defendants are false, deceptive, and misleading.

57.     One day, October 30, 2015, Defendant Jefferson asserted it had "ceased collection of this account". *See* Exhibit Two.

58.     Then, the very next day, October 31, 2015, Defendant Jefferson sent Ms. Cox yet another collection letter, acting like it was the first time it had contacted Ms. Cox asserting: "Please allow this letter to introduce [Defendant Jefferson]" and again demanding payment of the account. *See* Exhibit Three.

59.     Ms. Cox is confused as to why Defendant Jefferson ceased collection of the account one day and then commenced collection of the same exact account the

very next day.

60. Defendant Jefferson's letter dated October 30, 2015 is false in saying that they are ceasing collection of the account.

61. Defendant Jefferson misled Ms. Cox by claiming to stop collection of the account one day and then sending another collection demand the very next day.

62. Defendant Jefferson has tried to deceive Ms. Cox as to 1) whether it is still trying to collect the debt, 2) its rights when collecting a debt past the statute of limitations, and 3) what actions it can take to collect this debt.

63. By asserting in its letters that the "Current Creditor" is Defendant Jefferson, but then Defendant Asset demands the payments be made to it, Defendants have confused the least sophisticated consumer as to which company Ms. Cox owes the money.

64. By changing who is collecting the debt, Defendants did mislead and confuse Ms. Cox as to who she may owe for the Aspire Card account.

65. By changing the account number whereby Defendant Asset claims the last four digits of the account number are 8801, but then Defendant Jefferson claims the last four digits of the account number are 1728, Defendants have confused the least sophisticated consumer as to which account Defendants are trying to collect from Ms. Cox.

# FOURTH VIOLATION OF
# THE FAIR DEBT COLLECTION PRACTICES ACT:
# HARRASMENT OR ABUSE

66. Defendants' violations of the FDCPA also include, but are not limited to, the placement of telephone calls without meaningful disclosure of the caller's identity. See 15 U.S.C. § 1692d(6).

67. Ms. Cox asked for Cathleen's employer in the September 2015 teleconference, but Cathleen refused to provide the name of her employer, Defendant Asset.

# FIFTH VIOLATION OF THE
# FAIR DEBT COLLECTION PRACTICES ACT:
# FALSE OR MISLEADING REPRESENTATIONS

68. Defendants' violations of the FDCPA also include, but are not limited to, the use of false, deceptive, or misleading representations in connection with the character, amount, or legal status of the alleged debt, which is a violation of 15 U.S.C. §1692e(2).

69. On October 30, 2015 Defendant Jefferson said it was ceasing its collection of the account due to Ms. Cox's stated dispute.

70. Then, on October 31, 2015 Defendant Jefferson again started collection of the account.

71. Ms. Cox asserts the October 30, 2015 representation was false, as is

apparent from Defendant Jefferson's October 31, 2015 representation.

72. It was also deceptive for Cathleen to threaten garnishment when neither defendant had a judgment against Ms. Cox.

73. Defendants are attempting to keep Ms. Cox confused as to the amount owed so that if she were to make payments on this account she would never know the actual amount owed, and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed by her.

## SIXTH VIOLATION OF THE
## FAIR DEBT COLLECTION PRACTICES ACT:
## UNFAIR PRACTICES

74. Defendants' violations of the FDCPA also include, but are not limited to, the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, which is a violation of 15 U.S.C. §1692f(1).

75. Upon information and belief the statute of limitations has expired on this account.

76. Ms. Cox disputes she made any payments on the account after April 23, 2009, and demands strict proof thereof.

77. Defendants demanded amounts that were no longer owed or permitted by

law.

## COUNT TWO:
## *VIOLATIONS OF THE HAWAI'I REVISED STATUTES*

### FIRST VIOLATION OF THE HAWAI'I REVISED STATUTES: THREATS OR COERCION

78. The acts of Defendants constitute violations of the Hawai'i Revised Statutes. Violations include, but are not limited to: No collection agency shall collect or attempt to collect any money or other forms of indebtedness alleged to be due and owing by means of any threat, coercion, or attempt to coerce. Such conduct is a violation of Haw. Rev. Stat. § 443B-15.

79. Defendant Asset's representative, Cathleen, threatened Ms. Cox when she told her that if she didn't pay the debt, then Defendant Asset knew her Social Security Number.

80. Ms. Cox received this statement as a threat to garnish Ms. Cox's Social Security Income if she did not pay what Cathleen was demanding.

### SECOND VIOLATION OF THE HAWAI'I REVISED STATUTES: HARASSMENT AND ABUSE

81. No collection agency shall oppress, harass, or abuse any person in connection with the collection of or attempt to collect any claim alleged to be due and owing by that person or another in any of the following ways: (2) The placement of telephone calls without disclosure of the caller's identity or with the intent to harass, or

threaten any person at the called number.

82. Ms. Cox asked Cathleen for her company's name, but Cathleen refused to identify Defendant Asset.

83. Cathleen intended to harass or threaten Ms. Cox when she asserted that if she didn't pay, she knew her Social Security Number.

### THIRD VIOLATION OF THE HAWAI'I REVISED STATUTES: FALSE OR MISLEADING REPRESENTATIONS

84. No collection agency shall use any fraudulent, deceptive, or misleading representation or means to collect, or attempt to collect, claims or to obtain information concerning a debtor or alleged debtor, including any conduct which is described as follows: (2) The failure to disclose clearly: (B) In subsequent communications that the communication is from a debt collector.

85. Defendant Asset's representative, Cathleen, failed to disclose that she was a debt collector.

86. The failure to disclose clearly the name and full business address of the person to whom the claim has been assigned for collection or to whom the claim is owed at the time of making any demand for money is a violation of Haw. Rev. Stat. § 443B-18(4). Cathleen did not provide this information to Ms. Cox, in spite of her request.

## FOURTH VIOLATION OF THE HAWAI'I REVISED STATUTES: FALSE OR MISLEADING REPRESENTATIONS

87. Violations of the Hawai'i Revised Statutes also include, but are not limited to, any false representation or implication of the character, extent, or amount of a claim against a debtor or alleged debtor, or of its status in any legal proceeding. Such conduct is a violation of Haw. Rev. Stat. § 443B-18(5).

88. The underlying debt is disputed.

89. Ms. Cox asserts the statute of limitations had expired when Defendants were communicating with her in an attempt to collect the debt.

90. On October 30, 2015, in response to Ms. Cox's dispute, Defendant Jefferson asserted it would cease collection of the account. Then, Defendant Jefferson went and attempted to collect the debt again the very next day. These were false representations of the character of the debt.

91. By assigning different account numbers and collection agencies to the underlying account, Defendants have made one or more false representations or implications of the character of the debt.

92. By attempting to collect unknown and unauthorized amounts through false and deceptive communications, Defendants have deceived and/or misled Ms. Cox as to what amount of money she owes on this account.

*Summary*

93. The above-detailed conduct by Defendants and its agents in connection with collection of the debt, was conduct in violation of numerous and multiple provisions of the FDCPA and Hawai'i Revised Statutes including, but not limited to the above-cited provisions.

94. As a result of Defendants' actions, Ms. Cox is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

*Respondeat Superior Liability*

95. In addition to their individual liability under the FDCPA, the acts and omissions of Cathleen and Defendant Asset as an agent for the Defendant Jefferson were committed within the time and space limits of the agency relationship to its principal, Defendant Jefferson.

96. The acts and omissions by Cathleen and Defendant Asset were incidental to, or of the same general nature as, the responsibilities they were authorized to perform by Defendant Jefferson in collecting consumer debts.

97. By committing these acts and omissions against Plaintiff, Cathleen and Defendant Asset were motivated to benefit its principal, Defendant Jefferson.

98. Defendant Jefferson is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done

in violation of state and federal laws by the debt collectors employed as agents by Defendant Asset during its attempts to collect the debt from Plaintiff.

## TRIAL BY JURY

99. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against any or all Defendants and in favor of the Plaintiff as follows:

a) Declaratory judgment that any or all Defendants violated Ms. Cox's rights under the Fair Debt Collection Practices Act;

b) Declaratory judgment that any or all Defendants violated Ms. Cox's rights under the Hawai'i Revised Statutes;

c) That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every defendant in an amount to be determined at a trial by a jury;

d) That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

e) That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

    f)       That Plaintiff be awarded actual damages pursuant to Haw. Rev. Stat. § 480-13 in an amount to be determined by a jury at trial;

    g)       That Plaintiff be awarded statutory damages of not less than $5,000.00 pursuant to Haw. Rev. Stat. § 480-13(b)(1);

    h)       That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to Haw. Rev. Stat. § 480-13(b)(2);

    i)       That the Court declare all defenses raised by Defendants to be insufficient; and

    j)       Such other and further relief, including injunctive relief as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable.

Respectfully submitted, this the 21st day of April, 2016.

                                  */s/ Justin A. Brackett*
                                  Justin A. Brackett, #9954
                                  Attorney for Plaintiff